Civilian pay; involuntary separation; whether loss of employee’s personnel folder qualifies as involuntary separa *634 tion; immediate annuity entitlement. — On February 8, 1980 the court entered the following order:

Malcolm D. Polk, Pro se.

Lawrence S. Smith, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
Plaintiff and defendant cross-move for summary judgment. We deny plaintiffs motion as he has not stated a cause of action in this court. We grant defendant’s motion.
Plaintiff alleges he is 52 years of age and has had 24 years of government service. In 1975 he resigned from a Navy Department civilian position as engineer and was selected for such a position by the Air Force. Somehow his personnel folder (OPF) was lost in the mails between the Naval Center at Hawthorne, Nevada, and the Records Center in St. Louis. His "reinstatement” or rehire by the Air Force was much impeded by the lack of an OPF, but eventually one was reconstructed and a copy of the reconstructed folder is in our record. By its appearance, it must have been the result of painstaking effort. There is, however, nothing to show how complete it is or what effect any gaps in it might have on plaintiffs future government career. Plaintiff was denied moving expenses for lack of a travel order which was held up by lack of the OPF, and lost about $2,000 by delay in determining his proper step in grade. He has had other difficulties which need not be detailed. He does not allege that either the loss of the OPF itself, or the troubles its loss caused him with personnel and finance officers were the result of fraud, malice, or even negligence.
In December 1976, he decided to resign and did so, having concluded that the lack of his original OPF would be the source of innumerable trouble in any government career he might pursue in the future. He gave notice that he intended to claim a discontinued service annuity, but was warned before the effective date of the resignation that he would not be entitled to receive one. On summary judgment we must assume, of course, that plaintiffs troubles for lack of the original OPF would indeed be *635 unbearable, and the reconstructed OPF an inadequate remedy.
Plaintiff has exhausted his administrative remedies — the old Civil Service Commission Appeals Review Board having, in a well-reasoned decision, held him not eligible for a discontinued service annuity under the facts stated. The new Merit Systems Protection Board has affirmed. The sole object of the suit in this court is to reverse that decision.
The enabling legislation for the kind of annuity claimed is 5 U.S.C. § 8336. Plaintiff does not and cannot claim under § 8336(a) applicable to most retirees, because he does not claim 55 years of age and 30 years of service at the resignation date. He relies on the special provision § 8336(d) which allows immediate annuities to employees separated involuntarily, but not removed for cause on charges of misconduct or delinquency, and certain voluntary retirements during periods of reductions in force (RIFs) in the employing agency, if in either case he has completed 25 years service, or 20 after he has reached age 50. Plaintiff is admitted to meet the § 8336(d) age and length of service requirements, but defendant does not admit he was separated involuntarily, and plaintiff shows nothing to bring himself under the RIF provision. Defendant cites a number of regulations but they add nothing to the problem for plaintiff posed by the statute itself.
Plaintiff contends that we should apply as a test his concept of constructive involuntariness, citing such cases as Browning v. United States, 179 Ct. Cl. 439, 373 F.2d 915 (1967). Browning was separated after refusing to accept a change of duty station, and his agency (Agriculture) had a regulation, not here applicable, reciting that a separation for refusal to accept a new duty station would be considered involuntary. But the court in dictum says, if Browning had resigned, he would have manifested "the voluntary nature of his separation.” 179 Ct. Cl. at 447, 373 F.2d at 919. It is in fact very difficult for an employee to put in a resignation and persuade the court it was involuntary. Cases of duress come to mind, but there is nothing here alleged or even suggested to show that loss of the file was intentional. Such a case can be put aside as not the one we have. There are no instances cited or which *636 come to mind, of duress by accident or happenstance. Plaintiff does not even allege negligence, but if he did, the action would sound in tort and we would not have jurisdiction.
Accordingly, our conclusion is that however valid plaintiffs apprehensions are of life as a civil servant without an OPF of the original rather than the reconstructed variety, this is just not a situation for which the Congress has authorized a discontinued service annuity. We cannot award annuities for which Congress has not given authority.
Upon consideration of the cross-motions, briefs, and other documents, but without oral argument, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.